# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-661

DANIEL W. AMBROSE,                                             APPELLANT,

   V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS,                                 APPELLEE.


Before NEBEKER, *Chief Judge*, and KRAMER, FARLEY,
HOLDAWAY, IVERS, STEINBERG, and GREENE, *Judges*.

O R D E R

On February 22, 2000, as part of his proffered brief, the appellant filed a motion for an initial full Court consideration of this appeal.

Motions for a full Court decision are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance. In this appeal, the appellant has not shown that either basis exists to warrant a full Court decision.

Upon consideration of the foregoing, the record on appeal, the appellant's motion for a full Court decision, and the appellant's brief, it is

ORDERED that the motion for an initial full Court decision is DENIED.

DATED: April 10, 2000                                         PER CURIAM.

STEINBERG, *Judge*, dissenting: I do not support the Court's acting on this motion for an initial full Court decision prior to obtaining a response from the Secretary on that motion, particularly on the appellant's argument regarding the criteria for a finding of clear and unmistakable error (CUE) in a prior final VA adjudication. In that regard, I would require the Secretary to address the argument made by the appellant as to the "or" in the 38 C.F.R. § 3.105(a) (1999) regulatory provision (between "reversed" and "amended") and in the 38 U.S.C. §§ 5109A and 7111 statutory provisions (between "reversed" and "revised"), an argument that the Court has never addressed. In this connection, it is interesting that the new 20 C.F.R. Subpart O regulations (effective 2/12/99) on BVA-decision CUE use only "revision" (*see, e.g.*, § 20.1400(b), 20.1404(a), (c), (d), 20.1406(a) ("revises"), (b)). 64 Fed. Reg. 2134, 2139 (1999).